UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS WRAY HERNDON, | Case No. 3:20-cv-00489-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| DWIGHT NEVEN, *et al.*, | |
| Respondents. | |

Petitioner Thomas Herndon filed a *pro se* petition for writ of *habeas corpus* under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) This habeas matter is before the Court for initial review under the rules governing § 2254 cases,[1] as well as consideration of Petitioner's motion for appointment of counsel (ECF No. 4).

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

In this case, Petitioner challenges a conviction and sentence imposed by the Second Judicial District Court for Clark County ("state court"). *Nevada v. Herndon*, Case No. CR14-0284.[2] A jury found Petitioner guilty of sexual assault on a child under the age

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Second Judicial District Court and Nevada appellate courts, which may be accessed by the public at: www.washoecourts.com/Query/DetailedCaseSearch       and

of 14 and lewdness with a minor under the age of 14. On June 12, 2015, the state court entered a judgment of conviction, sentencing Petitioner to 90 years to life with the possibility of parole. The Nevada Supreme Court affirmed Petitioner's conviction in April 2017 and then denied Petitioner's request for rehearing on July 27, 2017.

On August 24, 2018, Petitioner filed a state petition for writ of *habeas corpus* ("state petition") seeking post-conviction relief. The state petition was dismissed as untimely and Petitioner did not show good cause for the delay. The Nevada Court of Appeals affirmed the dismissal. A remittitur issued on August 18, 2020.

Petitioner represents that Petitioner mailed his federal habeas petition, or handed it to a correctional officer for the purpose of mailing, on August 24, 2020. (ECF No. 1-1 at 15.) Petitioner raises four grounds for relief under the Fifth, Sixth, Eighth, and Fourteenth Amendments, alleging Petitioner's constitutional rights were violated when: (1) a detective continued questioning Petitioner after Petitioner invoked his right to counsel during interrogation; (2) the state court prevented Petitioner's counsel from presenting a complete defense; (3) the state court allowed a witness to invade the province of the jury; (4) Petitioner's trial counsel provided ineffective assistance based on failures to (a) file a motion to suppress Petitioner's videotaped police interview, (b) object to the government introducing the same videotaped interview at trial, and (c) obtain the medical records of Angel Pike. (ECF No. 1-1.) Having conducted an initial review, the Court will direct service of the Petition.

Turning to Petitioner's motion for appointment of counsel (ECF No. 4) to assist Petitioner in this habeas action, there is no constitutional right to appointed counsel in a federal *habeas corpus* proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of

---

http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Petitioner is serving a lengthy sentence of 90 years to life with the possibility of parole. Petitioner's motion for appointment of counsel represents that Petitioner has reading, spelling, and math skills between a sixth to eighth grade level and borderline IQ scores. Because Petitioner's state petition was dismissed as untimely under Nevada law, it did not toll the one-year statute of limitations for Petitioner's federal habeas petition under the Antiterrorism and Effective Death Penalty Act (AEDPA).[3] As such, the federal petition appears untimely absent another basis for tolling or delayed accrual. Given the complex procedural obstacles Petitioner's situation presents, the Court is persuaded that the interests of justice require appointed counsel and Petitioner's motion is thus granted.

It is therefore ordered that Petitioner Thomas Herndon's motion for appointment of counsel (ECF No. 4) is granted.

It is further ordered that the Federal Public Defender (FPD) is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the FPD's inability to represent Petitioner in these proceedings. If the FPD is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 120 days

---

[3]*Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005) (holding that a state petition that violates the state statute of limitations is not "properly filed" for the purposes of 28 U.S.C. § 2244(d)(2)).

from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

The Clerk of Court is directed to file Petitioner Thomas Herndon's petition for writ of *habeas corpus* (ECF No. 1-1).

The Clerk of Court is further directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the Petition. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 26th Day of October 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE