UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS WRAY HERNDON,<br><br>　　　　　　　Petitioner,<br>　v.<br>DWIGHT NEVEN, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:20-cv-00489-ART-CLB<br><br>**ORDER** |

　　This habeas matter is before the Court on Petitioner Thomas Wray Herndon's Motion to Seal (ECF No. 35). No response was filed and the deadline for doing so has expired.

　　Petitioner requests permission to file exhibits attached to his first amended petition for writ of habeas corpus under seal because they involve allegations of sexual abuse by minors who were 5 and 7 years old at the time of the underlying events. (ECF No. 35 at 2-3.) Petitioner seeks leave to file under seal a total of twelve exhibits:

| No. | DATE | DOCUMENT |
|---|---|---|
| | | **FILED UNDER SEAL** |
| 3. | 07/15/2013 | A.H. Interview (Filed Manually) |
| 4. | 07/15/2013 | A.H. Interview Transcript |
| 5. | 07/15/2013 | L.H. Interview (Filed Manually) |
| 6. | 07/15/2013 | L.H. Interview Transcript |
| 7. | 09/04/2013 | A.H. Interview (Filed Manually) |
| 8. | 09/04/2013 | A.H. Interview Transcript |
| 9. | 09/04/2013 | L.H. Interview (Filed Manually) |

| 10. | 09/04/2013 | L.H. Interview Transcript |
|---|---|---|
| 11. | 09/24/2013 | Thomas Herndon Interview (Filed Manually) |
| 12. | 09/24/2013 | Thomas Herndon Interview Transcript |
| 13. | 01/24/2014 | A.H. Interview (Filed Manually) |
| 14. | 01/24/2014 | A.H. Interview Transcript |

(*Id.* at 2.)

Exhibits 3, 5, 7, 9, and 13 are video and/or audio interviews with minor victims that have been manually filed. Exhibit 11 is a video interview with Petitioner that includes the names of the minors and his home address. Such videos were not admitted at trial and include personal identifying information. Exhibits 4, 6, 8, 10, 12, and 14 are written transcripts of the interviews. Petitioner asserts that Exhibits 4, 6, 8, 10, 12, and 14 were filed under seal out of an abundance of caution.

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu,* and its progeny, the Court finds that a compelling need to protect the minor victims' as well as Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Petitioner has met this burden of establishing compelling reasons for Exhibits 3, 5, 7, 9, 11 and 13.

The Court has reviewed Exhibits 4, 6, 8, 10, 12, and 14 and finds that there are compelling reasons for redacting certain information in those exhibits. Specifically, those exhibits identify minor victims and provide sensitive information about their victimization. However, the Court finds that there is much information in Exhibits 4, 6, 8, 10, 12, and 14 that does not identify the minors. Given the strong presumption in favor of public access to judicial records, the Court finds Exhibits 4, 6, 8, 10, 12, and 14 should not be sealed in their entirety but rather redacted to protect the identity of the minors and/or other

personal identifying information such as Petitioner's home address.[1] Therefore, the Court will seal the exhibits and require Petitioner to refile Exhibits 4, 6, 8, 10, 12, and 14 on the docket redacting all identifying information within 30 days.

It is therefore ordered that Petitioner Thomas Wray Herndon's Motion to Seal (ECF No. 35) is granted.

It is further ordered that Petitioner is to refile redacted versions of Exhibits 4, 6, 8, 10, 12, and 14 on the docket within 30 days.

DATED THIS 12th day of July 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] A sealing order must be narrowly tailored. *See, e.g. Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 513 (1984) (disapproving of sealing order that was not "limited to information that was actually sensitive and deserving of privacy protection," *i.e.*, only the parts of the material necessary to protect the compelling interest).